IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-cv-00147-FL

| | | |
|---|---|---|
| CHERYL L. ENGLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| DEPUTY CROMARTIE, DEPUTY HYDE, | ) | |
| and DEPUTY MCDANIEL, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on that part of defendants' motion to compel previously held in abeyance (DE 41) and on defendants' second motion to compel DE (44). The time for filing responsive briefing has expired and issues raised are ripe for ruling.

On March 27, 2012, *pro se* plaintiff filed a complaint seeking compensatory and punitive damages under 42 U.S.C. § 1983 against Cumberland County, Judge George Franks, Earl R. Butler, Dallas Tyree, Greg Morrison, and Deputies Cromartie, Hyde, and McDaniel for allegedly violating the constitutional rights of her and her minor children. All defendants filed motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. By order entered January 15, 2013, the court granted those motions except as to the individual capacity claims against Deputies Cromartie, Hyde, and McDaniel.[1]

In that order, the court directed the remaining parties to conduct a Rule 26(f) conference, which was done telephonically on February 4, 2013. Plaintiff appeared *pro se*, assisted by a person

---

[1] The court, of its own initiative hereby constructively AMENDS the case caption to reflect the dismissals effected by its order entered January 15, 2013.

who refused to identify himself.  At conference, plaintiff objected to the conference stating that the court lacked authority to order it.  Plaintiff further argued that the Federal Rules of Civil Procedure do not apply to her claims and contended that the case must proceed immediately to trial.  Where the parties did not reach an agreement on a proposed plan, defendants filed a report outlining the parties competing proposals, which report was signed by plaintiff, on February 15, 2013 (DE 38).  The court entered its case management order on February 25, 2013, establishing, among other things, a deadline of March 11, 2013, for initial disclosures required by Rule 26(a)(1), and a deadline of May 7, 2013, for disclosures required by Rule 26(a)(2).

On May 6, 2013, defendants filed their first motion to compel.  In that motion, defendants informed that plaintiff had not served her initial disclosures, nor responded to defendants' first set of interrogatories or first set of requests for production, both served on plaintiff on March 18, 2013.  Defendants sought an order compelling plaintiff to serve her initial disclosures and proper responses to defendants' interrogatories and requests for production.  Defendants also sought an extension of the deadline for Rule 26(a)(2) disclosures – as to defendants only – for a period of sixty (60) days following plaintiff's provision of required disclosure and response to the discovery request.  Finally, defendants requested reasonable attorneys fees and costs for pursuing the motion, pursuant to Rule 37(a)(5).

By order entered May 28, 2013, the court granted in part defendants' motion, ordering plaintiff to provide Rule 26(a)(1) disclosures and proper responses to defendants' discovery requests by June 7, 2013.  The court also granted defendants' request to extend the deadline for Rule 26(a)(2) disclosures as to defendants only.  The court held in abeyance defendants' request for attorneys fees pending further case developments, and admonished plaintiff to follow the rules and adhere to the

2

who refused to identify himself.  At conference, plaintiff objected to the conference stating that the court lacked authority to order it.  Plaintiff further argued that the Federal Rules of Civil Procedure do not apply to her claims and contended that the case must proceed immediately to trial.  Where the parties did not reach an agreement on a proposed plan, defendants filed a report outlining the parties competing proposals, which report was signed by plaintiff, on February 15, 2013 (DE 38).  The court entered its case management order on February 25, 2013, establishing, among other things, a deadline of March 11, 2013, for initial disclosures required by Rule 26(a)(1), and a deadline of May 7, 2013, for disclosures required by Rule 26(a)(2).

On May 6, 2013, defendants filed their first motion to compel.  In that motion, defendants informed that plaintiff had not served her initial disclosures, nor responded to defendants' first set of interrogatories or first set of requests for production, both served on plaintiff on March 18, 2013.  Defendants sought an order compelling plaintiff to serve her initial disclosures and proper responses to defendants' interrogatories and requests for production.  Defendants also sought an extension of the deadline for Rule 26(a)(2) disclosures – as to defendants only – for a period of sixty (60) days following plaintiff's provision of required disclosure and response to the discovery request.  Finally, defendants requested reasonable attorneys fees and costs for pursuing the motion, pursuant to Rule 37(a)(5).

By order entered May 28, 2013, the court granted in part defendants' motion, ordering plaintiff to provide Rule 26(a)(1) disclosures and proper responses to defendants' discovery requests by June 7, 2013.  The court also granted defendants' request to extend the deadline for Rule 26(a)(2) disclosures as to defendants only.  The court held in abeyance defendants' request for attorneys fees pending further case developments, and admonished plaintiff to follow the rules and adhere to the

court's orders.

On June 11, 2013, defendants filed their second motion to compel, informing that plaintiff had still not provided any initial disclosures or responses to defendants' first set of interrogatories or first set of requests for production. Defendants again request an order compelling discovery on these matters, and for reasonable attorney's fees and costs incurred pursuing the motion.

For good cause shown, defendants' second motion to compel is GRANTED. Plaintiff is DIRECTED to serve Rule 26(a)(1) disclosures and proper responses to defendants first set of interrogatories and first set of requests for production within seven days of entry of this order. Pursuant to Rule 37(a)(5) plaintiff is DIRECTED to pay the defendants' reasonable attorney's fees and costs for pursuing the motion to compel. For good cause shown, the court additionally GRANTS that part of defendants' first motion to compel, previously held in abeyance, requesting reasonable attorney's fees and costs incurred in pursuing that motion. Counsel for defendants is DIRECTED to submit an affidavit regarding reasonable fees and other costs incurred in pursuing the motions to compel within seven days of entry of this order

Plaintiff is hereby WARNED that further violations of the court's orders or the Federal Rules of Civil Procedure concerning discovery in this case will result in the imposition of severe sanctions, potentially including dismissal.

SO ORDERED, this 5th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge