IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-cv-00147-FL

| | |
|---|---|
| CHERYL L. ENGLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| DEPUTY CROMARTIE, DEPUTY HYDE, ) | |
| and DEPUTY MCDANIEL, in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion for sanctions (DE 50). The time for filing responsive briefing has expired and issues raised are ripe for ruling. For reasons given, defendants' motion is GRANTED and this action is DISMISSED, with prejudice.

## BACKGROUND

On March 27, 2012, *pro se* plaintiff filed a complaint seeking compensatory and punitive damages under 42 U.S.C. § 1983. In an order entered January 15, 2013, which granted in part and denied in part motions to dismiss, the court ordered the remaining parties to conduct a Rule 26(f) conference.

At conference, plaintiff, assisted by another person who would not identify himself, insisted that the Federal Rules of Civil Procedure did not apply to her claim. A report was filed, signed by plaintiff and by counsel for defendants, noting the conflicting positions of the parties as to a proposed case management plan (DE 38).

The court entered its case management order on February 25, 2013, establishing, among other things, a deadline of March 11, 2013, for initial disclosures required by Rule 26(a)(1), and a deadline of May 7, 2013, for disclosures required by Rule 26(a)(2). On May 6, 2013, defendants filed their first motion to compel.

In that motion, defendants informed that plaintiff had not served her initial disclosures, nor responded to defendants' first set of interrogatories or first set of requests for production, both served on plaintiff on March 18, 2013. Defendants sought an order compelling plaintiff to serve her initial disclosures and proper responses to defendants' discovery requests, as well as an extension of defendants' Rule 26(a)(2) disclosure deadline, and attorney fees and costs for pursuing the motion, pursuant to Rule 37(a)(5). Plaintiff did not respond to the motion.

By order entered May 28, 2013, the court granted in part defendants' motion, but held in abeyance defendants' request for attorneys fees pending further case developments, and admonished plaintiff to follow the rules and adhere to the court's orders. On June 11, 2013, defendants filed a second motion to compel, informing that plaintiff had still not provided any initial disclosures or responses to defendants' first set of interrogatories or first set of requests for production. Defendants again requested an order compelling discovery on these matters, as well as reasonable attorney fees and costs incurred pursuing the motion. Again, plaintiff did not respond to the motion.

By order entered August 5, 2013, the court granted this motion, ordering the plaintiff to serve her initial disclosures and responses to defendant's discovery requests within seven days. The court also granted that part of defendants' first motion to compel, previously held in abeyance, for reasonable attorney fees and costs incurred in pursuing that motion. The court finally warned plaintiff that further violations of the court's orders or the Federal Rules of Civil Procedure

2

concerning discovery in this case would result in the imposition of severe sanctions, potentially including dismissal. Defendant timely submitted an affidavit regarding its attorney fees and costs (DE 48). In order entered August 30, 2013, the court found the total sum of $3,175.00 reasonable in all respects, and for reasons set forth more particularly therein, the court ordered plaintiff to pay to defense counsel this amount within thirty (30) days.

In its regular docket review, the court went on to note in that order, where the dispositive motions deadline had elapsed with no motion having been filed, nor request for time extension, the case appeared ready for a trial setting. The court provided the parties a fourteen (14) day period within which to show why the trial of the matter should not be calendared at this time.

Defendants have responded to that deadline with a showing in the form of the instant motion for sanctions, filed September 4, 2013, where defendants state that plaintiff has still not provided her initial disclosures or responses to defendants' first set of interrogatories or first set of requests for production. Defendants also inform that plaintiff left her August 14, 2013, deposition after a mere seventeen (17) minutes, despite defendants' counsel's efforts to continue the deposition, and repeated requests that she not leave. In light of plaintiff's repeated refusal to follow the Federal Rules of Civil Procedure and this court's orders, defendants request the court impose sanctions, including the dismissal of this action.

### COURT'S DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court has discretion to impose sanctions, up to and including dismissal, for failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A). Moreover, Rule 37(d) provides for various sanctions, including dismissal, where a party fails to appear for their deposition or to respond to properly served interrogatories. In

3

determining whether dismissal is an appropriate sanction, the court is to consider

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [s]he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mutual Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).

In this case, the court finds dismissal to be appropriate. Plaintiff has failed to comply not only with the court's case management order, requiring she make her initial disclosures by March 11, 2013, but also with two subsequent court orders requiring her to make such disclosures. Plaintiff has offered no explanation for such failure, and her noncompliance has continued despite explicit warning by this court. See Stewart v. Avaya, Inc., No. 5:06-CV-232-F, 2007 WL 2746858 at *3 (E.D.N.C. Sept. 19, 2007) ("Stewart's bad faith is evident, not simply in his refusal to provide the most basic discovery responses, but also in his accompanying failure to offer any explanation for this refusal by failing to respond to this latest motion for sanctions."). This noncompliance has greatly prejudiced defendants, who have been unable to engage in discovery so as to prepare their defense. See Daye v. Gen. Motors Corp., 172 F.R.D. 173, 178 (M.D.N.C. 1997) (finding prejudice where a party "failed to provide the most elementary of discovery responses").

The need to deter this sort of noncompliance is very strong where plaintiff has repeatedly ignored the Federal Rules of Civil Procedure and this court's orders, without offering any explanation. See Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 93 ("ignoring the direct orders of the

4

court with impunity" constitutes misconduct that must be deterred). Finally, less drastic sanctions have proven ineffective, where the court has previously imposed such sanctions to no avail. The court also notes that in its August 5, 2013, order, it warned plaintiff that further violations of this court's orders or the Federal Rules of Civil Procedure would lead to severe sanctions, potentially including dismissal. Thus, plaintiff had notice of the potential consequences of her continued violations. See Hathcock, 53 F.3d at 40.

Upon consideration of the factors set forth in Mutual Federal, and of the warning given to plaintiff by this court, the court finds that dismissal of this action is an appropriate sanction. Accordingly, defendants' motion for sanctions is granted. This action is dismissed with prejudice. In addition to the attorneys' fee award previously rendered, plaintiff also is taxed with the costs of the action.

## CONCLUSION

Defendants' motion for sanctions (DE 50) is GRANTED. Plaintiff's complaint is DISMISSED with prejudice. The costs of the action are taxed against plaintiff. The clerk is DIRECTED to close this case.

SO ORDERED, this the 17th day of September, 2013.

LOUISE W. FLANAGAN
United States District Judge

5